**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| **ESTATE OF BUFORD L. ANDERSON,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 07-5047-CV-SW-RED |
| **SAFECO INSURANCE COMPANY OF ILLINOIS,** | ) |
| **Defendant.** | ) |

## ORDER

Now before the Court is Defendant's Motion for Summary Judgment (#29), Plaintiff's Motion for Summary Judgment (#32), Plaintiff's Motion to Strike Defendant's Affidavit of Linda Hathaway (#37), and Defendant's Motion for Extension of Time to File Pretrial Motions and Submissions (#44). After careful consideration, the Court **DENIES as moot** Plaintiff's Motion to Strike Defendant's Affidavit of Linda Hathaway (#37), **GRANTS** Defendant's Motion for Summary Judgment (#29), **DENIES** Plaintiff's Motion for Summary Judgment (#32), and **DENIES as moot** Defendant's Motion for Extension of Time (#44).

## BACKGROUND

On January 4, 2005, Buford Anderson was riding in a car driven by Janice Anderson. Rushing flood waters swept the car off a private drive and killed Mr. Anderson. Ms. Anderson had an insurance policy with Sagamore Insurance Company. Plaintiff, Mr. Anderson's estate, filed a claim with Sagamore. Sagamore denied the claim by letter dated March 19, 2007 because "[t]he facts of this loss are highly questionable, and appear that the main contributing factor was as a result of poor repairs to the driveway." Sagamore's letter opined that "the contractor that repaired the driveway is the liable party."

Mr. Anderson had an insurance policy with Defendant Safeco Insurance Company. Plaintiff filed a claim for uninsured and underinsured coverage. Safeco denied the claim by letter dated March 27, 2007 because "[i]nsufficient documentation has been presented to determine that the . . . death . . . was the result of an auto accident caused by an **uninsured motor vehicle**."

On April 27, 2007, Plaintiff filed a lawsuit against Safeco in the Circuit Court of Jasper County, Missouri. Plaintiff claims it is entitled to payment for uninsured motorist coverage, underinsured motorist coverage, and vexatious refusal to pay. Safeco removed the case to federal court on June 6, 2007.

## DISCUSSION

To establish its claims for coverage and vexatious refusal to pay with respect to the Safeco insurance policy, Plaintiff must show that: (1) the policy was delivered to Mr. Anderson, (2) the policy was in effect at the time of the accident, (3) the claimed loss was a covered loss under the policy, and (4) Safeco received notice and proof of loss. *Stotts v. Progressive Classic Insurance Co.*, 118 S.W.3d 655, 661 (Mo. App. W.D. 2003). It is undisputed that the Safeco policy was delivered to Mr. Anderson, the policy was in effect at the time of the accident, and Safeco received notice and proof of the loss. The parties disagree, however, on whether Mr. Anderson's injuries and death are covered by the Safeco policy.

*Plaintiff is not entitled to payment under the uninsured motorist provisions of Mr. Anderson's insurance policy.*

Part C of the Safeco policy states that Safeco "will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** . . . sustained by an **insured**." Part C goes on to state that "'**Uninsured motor vehicle**' means a land motor vehicle or **trailer** of any type . . . [t]o which a bodily injury liability bond or

2

policy applies at the time of the accident, but the bonding or insuring company . . . denies coverage."[1] Plaintiff argues that Sagamore denied coverage when it decided that the accident was not Ms. Anderson's fault. Safeco argues that Sagamore denied its insured's fault, but Sagamore did not deny that coverage existed.

The term "coverage" is not defined in the Safeco policy. "[W]hen a policy does not define a term, a court is free to give the term a reasonable construction." *Dibben v. Shelter Ins. Co.*, 2008 WL 1944632, *3 (Mo. App. W.D. 2008). It is unreasonable in the context of uninsured motorist insurance to define "coverage" to include a denial by the liability insurer of the insured's fault in the accident. For the uninsured motorist provision to apply, Plaintiff must prove that Mr. Anderson "is legally entitled to recover from" Ms. Anderson. In other words, Plaintiff must prove that Ms. Anderson was at fault. This is the same thing Plaintiff would have to prove in a case against Ms. Anderson to recover from the Sagamore policy. It makes much more sense for Plaintiff to prove Ms. Anderson's liability in a case against Ms. Anderson than in its case against Safeco.

Additionally, it is unreasonable in Plaintiff's case against Safeco to require Plaintiff to prove that Ms. Anderson *was* at fault; but, if Plaintiff meets its burden, then expect the Court to blindly accept the fact that Sagamore incorrectly determined that Ms. Anderson *was not* at fault. Plaintiff's recovery in this case would not preclude future recovery from Sagamore if a court determined that Ms. Anderson was at fault. If the Court construes the policy as Plaintiff suggests, Plaintiff could recover from Safeco because Ms. Anderson *is not* insured and possibly recover from Sagamore because Ms. Anderson *is* insured. Plaintiff's construction of the policy defies common sense.

---

[1]The policy contains three additional circumstances under which a vehicle or trailer may be considered an "uninsured motor vehicle." Plaintiff does not argue, however, that any of these three provisions apply to this case.

3

Case 3:07-cv-05047-RED   Document 45   Filed 09/19/08   Page 3 of 6

Despite Plaintiff's arguments to the contrary, Safeco's uninsured motorist provisions do not provide coverage in every instance where an insured sustains a loss but is not able to convince someone else's insurance company to pay for the loss.

The law supports Safeco's position. The parties did not cite, and the Court has not found, any Missouri cases holding that uninsured motorist coverage exists when the liability insurer determines that its policy applies but its insured was not at fault. Other state courts have held that uninsured motorist coverage does not exist when the liability insurer denies a claim because its insured was not at fault. *See Clark v. Prudential Property and Casual Insurance Co.*, 66 P.3d 242, 245 (Idaho 2003); *Noel v. Metropolitan Property & Liability Insurance Co.*, 672 N.E.2d 119, 121 (Mass. App. 1996).

Coverage and fault are separate issues. Sagamore denied that its insured, Ms. Anderson, was at fault. It did not deny coverage. Accordingly, the uninsured motorist provisions of Mr. Anderson's Safeco insurance policy do not apply. There are no genuine issues of material fact, and summary judgment is appropriate in favor of Safeco on Plaintiff's uninsured motorist coverage claim.

### *Mr. Anderson's Safeco policy did not include underinsured motorist coverage.*

Page 14 of the Safeco policy contains a section titled "ADDITIONAL COVERAGES." Immediately below this title, the policy states "AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS." The first additional coverage listed is titled "UNDERINSURED MOTORIST COVERAGE." Under this title are a series of provisions regarding underinsured motorist coverage.

4

In essence, the Safeco policy contains underinsured motorist provisions, but it specifically states that those provisions will apply only if the declaration page says they apply. The declaration page for Mr. Anderson's policy does not indicate that Mr. Anderson had underinsured motorist coverage.

Plaintiff argues that an Amendatory Endorsement and the Notice sent with the endorsement provided Mr. Anderson with underinsured motorist coverage. The Amendatory Endorsement modified certain provisions in the policy's underinsured motorist provisions. It did not amend the fact that the underinsured motorist provisions apply only if the declaration page says they apply. The Notice sent to Mr. Anderson with the Amendatory Endorsement clearly states that "[t]his is a summary of the changes to your Personal Auto Policy. No coverage is provided by this summary nor can it be construed to replace any provisions of your policy."

Pursuant to the unambiguous language of Mr. Anderson's Safeco policy, because the declaration page did not say that Mr. Anderson had underinsured motorist coverage, the policy did not provide Mr. Anderson with underinsured motorist coverage.[2] There are no genuine issues of material fact, and summary judgment is appropriate in favor of Safeco on Plaintiff's underinsured motorist coverage claim.

---

[2] The parties argue over whether the portions of Linda Hathaway's affidavit regarding whether Mr. Anderson had underinsured motorist coverage should be striken under Rule 56(e). It is Plaintiffs' burden to establish underinsured motorist coverage, and Plaintiff has not met that burden. Accordingly, summary judgment is appropriate regardless of Safeco's affirmative evidence (i.e., Ms. Hathaway's affidavit) that Mr. Anderson did not have underinsured motorist coverage. Because the contested portions of Ms. Hathaway's affidavit are not material to the Court's decision and do not factor into the Court's analysis, Plaintiff's request that the affidavit be striken is moot.

*Because coverage does not exist under the Safeco policy, Plaintiff is not
entitled to recover for vexatious refusal to pay.*

Plaintiff must establish coverage before it can legitimately argue that Safeco vexatiously refused to pay under the policy. Because Safeco is entitled to summary judgment on Plaintiff's coverage claims, it is also entitled to summary judgment on Plaintiff's vexatious refusal to pay claim.

## CONCLUSION

The Court **DENIES as moot** Plaintiff's Motion to Strike Defendant's Affidavit of Linda Hathaway (#37) because the contested portions of Ms. Hathaway's affidavit are not material to the Court's decision and did not factor into the Court's analysis. The Court **GRANTS** Defendant's Motion for Summary Judgment (#29) and **DENIES** Plaintiff's Motion for Summary Judgment (#32). Summary judgment is hereby entered in favor of Defendant Safeco Insurance Company and against Plaintiff on all claims and causes of action pled in this case. Defendant's Motion for Extension of Time to File Pretrial Motions and Submissions (#44) is **DENIED as moot**.

**IT IS SO ORDERED**.

DATED: September 19, 2008        */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT